IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| GARY P. RAMSEY,<br>　　Plaintiff,<br><br>　v.<br><br>M. B. HAYNES CORPORATION,<br>　　Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>) |

## COMPLAINT

Comes now the Plaintiff complaining of the Defendant and avers as follows:

1.　This Court has jurisdiction over the federal cause of action brought herein pursuant to 29 U.S.C. § 626(c).

2.　The Court has jurisdiction over the state law claims brought herein in that the events giving rise to these causes of action are the same as those that gave rise to the federal cause of action, and the nexus of operative facts are so related to claims in this action wherein this Court has original jurisdiction that they form part of the same case or controversy, and this Court has supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1367.

3.　Plaintiff filed a Charge of Employment Discrimination against the Defendant with the United States Equal Employment Opportunity Commission ("EEOC") on May 25, 2022 for discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") on the basis of the events described herein; which Charge was denoted by the EEOC as Charge No. 430-2022-02068.

1

4. On September 13, 2022 the EEOC mailed a Determination and Notice of Rights to Plaintiff in Charge No. 430-2022-02068. This Notice was dated July 21, 2022.

5. Plaintiff now brings this civil action within 90 days of both the date of the EEOC Notice of Rights and his receipt of the EEOC Notice of Rights, as mailed on September 13, 2022.

## FACTS

6. Plaintiff is a citizen and resident of Buncombe County, North Carolina.

7. Plaintiff was an "employee" of the Defendant as that term is used in 29 U.S.C.§ 623.

8. Defendant is a North Carolina Corporation with its Principal Office located in Buncombe County, North Carolina.

9. Defendant is an "employer" as that term is used in 29 U.S.C. § 623.

10. For purposes of the Federal and State law claims brought herein, at all times relevant to this complaint, the Defendant employed in excess of 15 employees, having at the time of the events alleged in excess of 500 employees.

11. Plaintiff is a 64-year-old male. At the time of the events complained of herein he was 62 and 63 years old.

12. Plaintiff served for over 33 years as a law enforcement officer with the North Carolina Department of Motor Vehicles (NC DMV).

13. Plaintiff holds an Advanced Law Enforcement Certification as issued by the State of North Carolina.

14. Plaintiff retired from active duty as a law enforcement officer in 2009. At the time of his retirement Plaintiff was serving as a Captain within the NC DMV Enforcement

Division.

15. In his role as a NC DMV Enforcement Officer, Plaintiff enforced and supervised the enforcement and administration of various State of North Carolina and Federal Safety laws, including those related to the operation of Commercial Motor Vehicles.

16. In 2011 Plaintiff was hired by the Defendant to serve as a Safety Technician and Assistant to the Defendant's Safety Director.

17. Plaintiff was hired by the Defendant, in part, due to his knowledge of and long experience with commercial motor vehicle laws and regulations. Defendant operates a large fleet of commercial vehicles.

18. Plaintiff was subsequently given the title and position of Assistant Safety Director for the Defendant.

19. During his employment with the Defendant, Plaintiff completed numerous workplace safety training courses and obtained numerous certifications related to the performance of his duties as Assistant Safety Director for the Defendant. A list of all such training courses completed by the Plaintiff is attached as Exhibit A to this Complaint.

20. At all times during his employment with the Defendant Plaintiff competently and successfully discharged his duties as Assistant Safety Director.

21. Although the Defendant did not have in place an annual job performance review process, Defendant did provide annual bonuses to employees whose performance was deemed satisfactory. Plaintiff received such a bonus for each year of his employment with the Defendant.

22. In April 2020 the Defendant announced that due to the loss of work associated with the COVID Pandemic, the Defendant would be forced to layoff some employees.

23. Defendant stated that the layoffs would be of a temporary nature during the

3

Case 1:22-cv-00220-MOC-WCM   Document 1   Filed 10/19/22   Page 3 of 8

Pandemic.

24. Plaintiff told his supervisor, the Director of Safety for the Defendant, that he would volunteer for a temporary layoff since he had income from his N.C. State Retirement, and he believed a temporary layoff would be less of a financial burden for him than other employees of the Defendant.

25. Plaintiff was laid off by the Defendant on April 12, 2020.

26. At the time of his layoff, Plaintiff was told by the Safety Director that the layoff was temporary, and that Plaintiff could keep his company provided vehicle pending his return to work.

27. In August 2020 Plaintiff was informed by the Defendant that the position of Assistant Safety Director had been eliminated by the Defendant and that Plaintiff would not be brought back to work with the Defendant due to the elimination of the position of Assistant Safety Director. Plaintiff was formally terminated from employment by the Defendant at this time.

28. On December 7, 2021, following the purported elimination of the position of Assistant Safety Director, the Director of Safety for the Defendant announced that another employee of the Defendant had been "promoted" to the position of Assistant Safety Director for the Defendant.

29. The announcement stated that this promotion was effective on November 28, 2021.

30. The position of Assistant Safety Director, which was filled by the Defendant on November 28, 2021, was the same position which the Defendant had purportedly eliminated in August 2020.

31. All job duties and responsibilities of the Assistant Safety Director position as

4

filled by the Defendant on November 28, 2021 were the same as the position from which the Plaintiff was temporarily laid off on April 12, 2020 and the same as the position which was purportedly eliminated in August 2020.

32. Upon information and belief, the employee who was promoted to the position of Assistant Safety Director in 2021 was under the age of 40 at the time he was placed in the position of Assistant Safety Director.

33. Upon information and belief, at some point after the Plaintiff was laid off on April 12, 2020, but prior to the official promotion of the younger employee into the position of Assistant Safety Director, this younger employee had been assigned to and began to carry out the duties of the position of Assistant Safety Director.

34. At no point were the duties and responsibilities of the position of Assistant Safety Director abolished by the Defendant, and such duties remained a single and distinct position.

35. Plaintiff had more overall job safety related training and experience than the younger employee who was "promoted" into the position of Assistant Safety Director following the layoff of Plaintiff, and Plaintiff specifically had more time, experience and training working within the Defendant's own Safety Program than the younger employee placed in the Assistant Safety Director position.

36. Plaintiff was more qualified by experience and training for the position of Assistant Safety Director than the younger employee.

37. The actions of Defendant, taken together, have resulted in the termination of the Plaintiff from his position of employment by the Defendant, and his replacement by an employee under the age of 40 into his former position.

38. Defendant terminated the Plaintiff on account of his age, and but for his age

5

Case 1:22-cv-00220-MOC-WCM   Document 1   Filed 10/19/22   Page 5 of 8

Plaintiff would not have been terminated by the Defendant.

39. Defendant's unlawful actions as set out above were intentional, willful, and wanton.

40. Due to the unlawful actions as pled herein, Plaintiff has suffered loss of employment, loss of wages and benefits, loss and injury to his professional standing, emotional pain and suffering, inconvenience, humiliation, loss of enjoyment of life, and mental and physical distress, anguish, and harm.

## FIRST CAUSE OF ACTION
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

41. Plaintiff realleges and incorporates herein all allegations set out in paragraphs 1 through 40 above.

42. Defendant has engaged in illegal discriminatory actions on the basis of Plaintiff's age as alleged herein.

43. Defendant's actions as alleged herein violate the provisions of 29 U.S.C. § 623 (a).

## SECOND CAUSE OF ACTION
## UNLAWFUL TERMINATION IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF NORTH CAROLINA

44. Plaintiff realleges and incorporates herein all allegations set out in paragraphs 1 through 40 above.

45. As set out in the North Carolina Equal Employment Practices Act (N.C. Gen Stat. § 143-422.1 *et seq*.), it is the stated public policy of the State of North Carolina:

> [T]o protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

46. Defendant's action terminating Plaintiff on the basis of age is in violation of the stated public policy of the State of North Carolina and was unlawful.

47. Plaintiff has suffered harm and damages, including loss of employment, lost wages and benefits, and those non-pecuniary damages setout in Paragraph No. 40 above, and will continue to suffer such harm and damages in an amount in excess of $25,000 as a direct and proximate result of Defendant's actions.

WHEREFORE, the Plaintiff prays this Court to provide the following relief:

1. Enter an injunction directing the Defendant to reinstate the Plaintiff and to cease all discriminatory actions and conditions against Plaintiff as alleged herein or, in the alternative, award to the Plaintiff front pay sufficient to compensate Plaintiff for the loss of continued and future employment with the Defendant;

2. Award a judgment to the Plaintiff in an amount sufficient to compensate the Plaintiff for all back pay and all employment benefits due from the date of his termination to the date of his reinstatement as damages for the Defendant's violation of 29 U.S.C. § 623 (a) and unlawful discharge of Plaintiff;

3. Award to Plaintiff liquidated damages in an amount equal to the monetary judgments in Prayers for Relief Nos. 1 and 2 above, pursuant to all applicable provisions of 29 U.S.C. §626.

4. Award Plaintiff an amount sufficient to compensate him for his loss and injury to his professional standing, emotional pain and suffering, inconvenience, loss of enjoyment of life, humiliation, and mental and physical distress, anguish and harm.

5. Award to the Plaintiff all prejudgment and post judgment interest on all amounts so awarded as may be allowed by law;

6. Award to the Plaintiff all reasonable attorney fees and costs in this action as may be allowed by law;

7. Provide to Plaintiff a trial by jury on all issues herein;

8. Such other and further relief as the Court shall determine to be necessary and appropriate.

<u>Plaintiff Demands Trial by Jury</u>

This the 19th day of October 2022.

> *s/John C. Hunter*
> John C. Hunter (NC State Bar No.: 13197)
> Attorney at Law
> One North Pack Square
> Suite 421
> Asheville, North Carolina 28801
> Tel: (828) 281-1940
> Email: johnhunter@jchlawfirm.com